TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and*
*potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT COURT OF NEW YORK**
 ----------------------------------------------------------- x
DIANFENG TANG,
XIU LING PAN,
GUAN QU LI,
XIAO LI LU,
WEN ZHU CHEN,
QIU YAN GUO
    a/k/a Cai Yun Meng,
CHAO JI ZHENG,
AI YU SHEN,
LI XIAN JIANG,
PING LI,
XIAO LAN ZHANG,
QIAO YING ZOU,
SHUANG FENG LU,
XIU QIN HUANG,
JIAN XIU TANG,
SHAN QIN CHEN,
FU PING CHEN,
YONG FANG CHEN,
JING WANG,
KANG RUI WANG,
MEI XIU WU,
MEI YU REN,
BO ZHI SITU,
XIUYING OU,
YAJUN YOU,
YUAN GAN LING,
YAN HONG YU
    a/k/a Ruo Kun Yu,
HONG JUAN WANG,
FEI GE SHANG
    a/k/a Julie Shang,
XIAOMING CHEN

**Case No. 19-cv-07304**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

a/k/a Steven,
YUAN GUAN ZOU,
JIAN HUA CHEN,
SU XIAN DENG, and
HUI ZHEN CHEN
*on their own behalf and on behalf of others similarly*
*situated*

                            Plaintiffs,

                            v.

HAPPY RESTAURANT INC.
        d/b/a Happy Restaurant,
        d/b/a Happy Food Court,
        d/b/a Happy Rest;
7 EXPRESS RESTAURANT CORP.
        d/b/a Happy Restaurant,
        d/b/a Happy Food Court,
        d/b/a Happy Rest; and
7 EXPRESS INC
        d/b/a Happy Restaurant,
        d/b/a Happy Food Court,
        d/b/a Happy Rest;
GUOWEI XIAO
        a/k/a Guo Wei Xiao
        a/k/a Michael Xiao,
TAIVIEM MA
        a/k/a Tai Viem Ma
        a/k/a Richard Ma
        a/k/a John Ma,
ZHONGYAN HE
        a/k/a Banson He
        a/k/a Banson J.Y. He
        a/k/a J.Y. He
        a/k/a "Ren Ren",
TIANMING ZHENG
        a/k/a Tian Ming Zheng
        a/k/a Tianmin Zheng
        a/k/a Tian Men Zheng,
LIN LI, and
"JOHN DOE"

                            Defendants.

-------------------------------------------------------------- x

Plaintiffs DIANFENG TANG, XIU LING PAN, GUAN QU LI, XIAO LI LU, WEN ZHU CHEN, QIU YAN GUO a/k/a Cai Yun Meng, JI CHAO ZHENG, AI YU SHEN,  LI XIAN JIANG, PING LI,  XIAO LAN ZHANG, QIAO YING ZOU, SHUANG FENG LU, XIU QIN HUANG, JIAN XIU TANG, SHAN QIN CHEN, FU PING CHEN, YONG FANG CHEN, JING WANG, KANG RUI WANG, MEI XIU WU, MEI YU REN, BO ZHI SITU, XIUYING OU, YA JUN YOU, YUAN GAN LING, YAN HONG YU a/k/a Ruo Kun Yu, HONG JUAN WANG, FEI GE SHANG a/k/a Julie Shang, XIAOMING CHEN a/k/a Steven, YUAN GUAN ZOU, JIAN HUA CHEN, SU XIAN DENG, and HUI ZHEN CHEN (*hereinafter referred to as Plaintiffs*), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; and 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; GUOWEI XIAO a/k/a GUO WEI XIAO a/k/a MICHAEL XIAO, TAIVIEM MA a/k/a TAI VIEM MA a/k/a RICHARD MA a/k/a JOHN MA, ZHONGYAN HE a/k/A BANSON HE a/k/a BANSON J.Y. HE a/k/a J.Y. HE a/k/a "REN REN", TIANMING ZHENG a/k/a TIAN MING ZHENG a/k/a TIANMIN ZHENG a/k/a TIAN MEN ZHENG, LIN LI, and "JOHN DOE", and allege as follows:

## **INTRODUCTION**

1.      This action is brought by the Plaintiffs DIANFENG TANG, XIU LING PAN, GUAN QU LI, XIAO LI LU, WEN ZHU CHEN, QIU YAN GUO a/k/a Cai Yun Meng, JI CHAO ZHENG, AI YU SHEN,  LI XIAN JIANG, PING LI,  XIAO LAN ZHANG, QIAO YING ZOU, SHUANG FENG LU, XIU QIN HUANG, JIAN XIU TANG, SHAN QIN

CHEN, FU PING CHEN, YONG FANG CHEN, JING WANG, KANG RUI WANG, MEI

XIU WU, MEI YU REN, BO ZHI SITU, XIUYING OU, YA JUN YOU, YUAN GAN

LING, YAN HONG YU a/k/a Ruo Kun Yu, HONG JUAN WANG, FEI GE SHANG a/k/a

Julie Shang, XIAOMING CHEN a/k/a Steven, YUAN GUAN ZOU, JIAN HUA CHEN, SU

XIAN DENG, and HUI ZHEN CHEN, on behalf of themselves as well as other employees

similarly situated, against the Defendants for alleged violations of the Fair Labor Standards

Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from

Defendants' various willfully and unlawful employment policies, patterns and practices.

  2. Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in pattern and practice

of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and

overtime compensation for all hours worked over forty (40) each workweek.

  3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from

the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated

damages, (4) out of pocket expenses to delivery experts on the road (5) prejudgment and post-

judgement interest; and or (6) attorney's fees and cost.

  4. Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York

Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the

Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3)

unpaid spread-of-hours premium, (4) up to five thousand dollars ($5,000) per Plaintiff for

Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up

to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that

accurately and truthfully lists employee's hours along with the employee's name, employer's

name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

5.      Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District Court of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8.      Plaintiff DIANFENG TANG was employed by Defendants from on or about October 05, 2015 to July 09, 2017 to work as a Cook at HAPPY FOOD INC. d/b/a Happy Food located at 40-28 Main Street. Flushing, NY 11354.

9.      Plaintiff XIU LING PAN was employed by Defendants from on or about February, 2016 to July 31, 2017 to work as a Cook at:

- 7 EXPRESS RESTAURANT CORP and 7 EXPRESS INC. located at 135-42

Roosevelt Avenue, Flushing, NY, 11354, and;

- HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11354.

10.     Plaintiff GUAN QU LI was employed by Defendants from on or about September, 2015 to July, 2017 to work as a chef and manager at HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11355.

11.     Plaintiff XIAO LI LU was employed by Defendants from on or about June 01, 2017 to July 09, 2017 to work as a salesperson at HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11354.

12.     Plaintiff WEN ZHU CHEN was employed by Defendants from on or about January 25, 2014 to December 01, 2015 and then again from May 13, 2016 to July 02, 2017 to work as a Packer at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

13.     Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was employed by Defendants from on or about October 21, 2016 to July 31, 2017, to work as a pastry chef at:

- 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and;

- HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main St, Flushing NY 11354.

14.     Plaintiff ZHI CHAO ZHENG was employed by Defendants from on or about January 1, 2013 to March 9, 2017, to work as a Chef and Kitchen Manager at HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354.

15.     Plaintiff AI YU SHEN was employed by Defendants from on or about November 1, 2015 to March 31, 2017, to work as a Pastry Chef at 135-42 Roosevelt Avenue,

Flushing, NY, 11354.

16.    Plaintiff LI XIAN JIANG was employed by Defendants from on or about August 1, 2016 to July 31, 2017 to work the Oil Wok at:

- HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354 and;

- 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354

17.    Plaintiff PING LI was employed by Defendants from on or about February 18, 2017 to July 31, 2017, to work as a Baker at HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354.

18.    Plaintiff XIAO LAN ZHANG was employed by Defendants from on or about September 1, 2015 to July 31, 2017, to work as a Fry Wok, and Baker from on or about April, 2016 to October, 2016 at the Defendants restaurant  7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

19.    Plaintiff QIAO YING ZOU was employed by Defendants from on or about January 01, 2016 to October 31, 2016, and again from February 20, 2017 to July 09, 2017 to work as a fry wok at the Defendants restaurant  7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

20.    Plaintiff SHUANG FENG LU was employed by Defendants from on or about October 28, 2016 to June 26, 2017, to work as a Fry Wok at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located 135-42 Roosevelt

Avenue, Flushing, NY, 11354.

21.     Plaintiff XIU QING HUANG was employed by Defendants from on or about September 07, 2015 to July 08, 2017, to work as a Chef at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

22.     Plaintiff JIAN XIU TANG was employed by Defendants from on or about November 13, 2016 to July 03, 2017, to work as a chef at:

- 7 EXPRESS RESTAURANT CORP and 7 EXPRESS INC. located at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and

- HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11355.

23.     Plaintiff SHANG QING CHEN was employed by Defendants from on or about February 01, 2014 to September 30, 2017, to work as a sales person at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

24.     Plaintiff FU PING CHEN was employed by Defendants from on or about March 10, 2016 to March 31, 2017, to work as a Cleaner at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

25.     Plaintiff YONG FANG CHEN was employed by Defendants from on or about March 04, 2016 to July 31, 2017, to work as a Chef at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

26. Plaintiff JING WANG was employed by Defendants from on or about February 03, 2015 to March 09, 2017, to work as a Pastry chef/Pastry Manager at HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11354.

27. Plaintiff KANG RUI WANG was employed by Defendants from on or about February 01, 2016 to July 05, 2017, to work as a Soy Milk Maker at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

28. Plaintiff MEI XIU WU was employed by Defendants from on or about June 20, 2016 to July 03, 2017, to work as a Chef at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

29. Plaintiff MEI YU REN was employed by Defendants from on or about March 01, 2015 to July 09, 2017, to work as a Packing at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and 40-28 Main Street, Flushing NY 11354.

30. Plaintiff BO CHI SITU was employed by Defendants from on or about May 11, 2016 to July 03, 2017, to work as a Fry Wok at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

31. Plaintiff XIUYING OU was employed by Defendants from on or about February 05, 2015 to July 03, 2017, to work as a Packer at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

32.     Plaintiff YAJUN YOU was employed by Defendants from on or about May 01, 2017 to July 09, 2017, to work as a Packer at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

33.     Plaintiff YUAN GAN LING was employed by Defendants from on or about June 15, 2016 to October 16, 2016 and again from on or about November 6, 2016 to July 7, 2017, to work as a Pastry Maker at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

34.     Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was employed by Defendants from on or about October 01, 2015 to January 8, 2016 and again from on or about April 1, 2017 to July 1, 2017, to work as a Pastry Maker at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

35.     Plaintiff HONG JUAN WANG was employed by Defendants from on or about June 20, 2017 to July 10, 2017, to work as a Pastry Maker at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

36.     Plaintiff FEI GE SHANG a/k/a Julie Shang was employed by Defendants from on or about May 05, 2015 to July 1, 2017, to work as a pastry maker at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

37.     Plaintiff XIAOMING CHEN a/k/a STEVEN CHEN was employed by Defendants from on or about January 29, 2015 to July 1, 2017, to work as a Chef at 7

EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

38.     Plaintiff YUAN GUAN ZOU was employed by Defendants from on or about April 01, 2016 to April 15, 2016, to work as a dishwasher and again from May 01, 2017 to July 01, 2017 as miscalleneous at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

39.     Plaintiff JIAN HUA CHEN was employed by Defendants from on or about July 01, 2016 to June 30, 2017, to work as a miscalleneous at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

40.     Plaintiff SU XIAN DENG was employed by Defendants from on or about September 18, 2016 to June 30, 2017, to work as a Pastry Maker at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

41.     Plaintiff HUI ZHEN CHEN was employed by Defendants from on or about September 13, 2015 to July 06, 2017, to work as a Packer at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

## **DEFENDANTS**

### *Corporate Defendants*

42.     Defendant HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a domestic business corporation organized under the laws of the State of New York with a principal address at 40-28 Main St., Flushing, NY,

11354.

43.     HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

44.     HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest purchased and handled goods moved in interstate commerce.

45.     Defendant 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a domestic business corporation organized under the laws of the State of New York with a principal address at 135-42 Roosevelt Ave Flushing, NY 11354.

46.     7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

47.     7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest purchased and handled goods moved in interstate commerce.

48.     Defendant 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a domestic business corporation organized under the laws of the State of New York with a principal address at 135-32 Roosevelt Ave Flushing, NY 11354.

49.     7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

50.     7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

51.     The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

52.     GUOWEI XIAO a/k/a Guowei Xiao a/k/a Michael Xiao known as "Boss" to Plaintiff, YAN HONG YU  (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

53.     GUOWEI XIAO a/k/a Guowei Xiao a/k/a Michael Xiao actually hired Plaintiff YAN HONG YU.

54.     GUOWEI XIAO a/k/a Guowei Xiao a/k/a Michael Xiao acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with  HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

55.     TAIVIEM MA a/k/a Tai Viem Ma a/k/a Richard Ma a/k/a John Ma, (1) had

the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

56.     TAIVIEM MA a/k/a Tai Viem Ma a/k/a Richard Ma a/k/a John Ma acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

57.     ZHONGYAN HE a/k/a Banson He a/k/a Banson J. Y. He a/k/a J.Y. He a/k/a "Ren Ren" known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

58.     ZHONGYAN HE a/k/a Banson He a/k/a Banson J. Y. He a/k/a J.Y. He a/k/a "Ren Ren" acted intentionally and maliciously and is an employer pursuant to FLSA, 29

U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

59.     TIANMING ZHENG a/k/a Tian Ming Zheng a/k/a Tianmin Zheng a/k/a Tian Men Zheng known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

60.     TIANMING ZHENG a/k/a Tian Ming Zheng a/k/a Tianmin Zheng a/k/a Tian Men Zheng actually hired and paid Plaintiffs LI XIAN JIANG, JIAN XIU TANG, XIU QING HUANG, QIAO YING ZOU, XIU LING PAN, QIU YAN GUO a/k/a Cai Yun Meng, BO CHI SITU, XIUYING OU,  MEI YU REN, JIAN HUA CHEN, SU XIAN DENG, DIANFENG TANG  and WEN ZHU CHEN.

61.     TIANMING ZHENG a/k/a Tian Ming Zheng a/k/a Tianmin Zheng a/k/a Tian Men Zheng acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS

RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest;

7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest

62.     LIN LI known as "Lady Boss" to Plaintiff, (1) had the power to hire and fire

employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employee

records at HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court,

d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy

Food Court, d/b/a Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food

Court, d/b/a Happy Rest.

63.     LIN LI acted intentionally and maliciously and is an employer pursuant to

FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL

§ 2 and the regulations thereunder, and is jointly and severally liable with HAPPY

RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7

EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a

Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy

Rest.

64.     JOHN DOE, (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and

method of payment, and (4) maintained employee records at HAPPY RESTAURANT INC.

d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS

RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest;

7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

65.     "JOHN DOE" acted intentionally and maliciously and is an employer pursuant

to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2,

NYLL § 2 and the regulations thereunder, and is jointly and severally liable with HAPPY

RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7

EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a

Happy Rest; 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy

Rest

## **STATEMENT OF FACTS**

### **Defendants Constitute an Enterprise**

66.     Upon information and belief, Corporate Defendants HAPPY RESTAURANT

INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS

RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest;

and 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest are

joint employers of Plaintiffs and constitute an enterprise as the term is defined by 29 USC

§203(r) insofar as they share staff, including Plaintiffs, pay Plaintiffs for the work performed

at the enterprise no matter what location they worked; advertise the Corporate Defendants as

an enterprise, and are otherwise engaged in related activities performed through unified

operation and/or common control for a common business purpose, and are co-owned by the

same partners.

67.     At all times relevant herein, HAPPY RESTAURANT INC. d/b/a Happy

Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP.

d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; and 7 EXPRESS INC

d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest was, and continues to be,

an "enterprise engaged in commerce" within the meaning of FLSA.

68.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by HAPPY RESTAURANT INC. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; 7 EXPRESS RESTAURANT CORP. d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest; and 7 EXPRESS INC d/b/a Happy Restaurant, d/b/a Happy Food Court, d/b/a Happy Rest.

## Wage and Hour Claims

69.     There are at least 100 employees at the restaurant, including non-tipped employees and tipped employees.

70.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

71.     Pursuant to NYCRR Part 146-2.2 and 29 USC § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

72.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

73.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

74.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

75.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

76.     Upon information and belief, Defendants failed to keep full and accurate

records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

77.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

78.     Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day

### Plaintiff DIANFENG

79.      From on or about October 05, 2015 to July 09, 2017, Plaintiff DIANFENG TANG was employed by Defendants to work as a Cook at HAPPY FOOD INC. d/b/a Happy Food located at 40-28 Main Street. Flushing, NY 11354.

80.     From on or about October 05, 2015 to July 09, 2017, Plaintiff DIANFENG TANG's regular work schedule ran from:

a.    05:30 to 17:00 for eleven (11) hours and thirty (30) minutes a day for seven (7) days and eighty (80) hours and thirty (30) minutes;

b.   thirty (30) minutes of break a day for seven (7) days and three (3) hours and

thirty (30) minutes,

81.     Thus, from October 05, 2015 to July 09, 2017, Plaintiff DIANFENG TANG worked for a average total of seventy-seven (77) hours each week.

82.     At all relevant times, Plaintiff DIANFENG TANG did not have a fixed time for lunch or for dinner.

83.     In fact, Plaintiff DIANFENG TANG had thirty (30) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to continue working.

84.     From on or about October 05, 2015 to July 09, 2017, Plaintiff DIANFENG TANG was promised an hourly rate of thirteen dollars ($13.00) per hour.

85.     At all relevant times, Plaintiff DIANFENG TANG was not paid overtime pay for overtime work.

86.     Defendants owe Plaintiff DIANFENG TANG wages promised to him in the amount of about four thousand dollars ($4000) or around two thousand six hundred dollars ($2600).

87.     Throughout his employment, Plaintiff DIANFENG TANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

88.     Throughout his employment, Plaintiff DIANFENG TANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

89. Throughout his employment, Plaintiff DIANFENG TANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

90. In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe DIANFENG TANG wages promised to her in the amount of around two thousand and six hundred dollars ($2,600).

**_Plaintiff XIU LING PAN_**

91. From on or about February, 2016 to July 31, 2017, Plaintiff XIU LING PAN was employed by Defendants to work as a Cook at 7 EXPRESS RESTAURANT CORP and 7 EXPRESS INC. located at 135-42 Roosevelt Avenue, Flushing, NY, 11354, and also HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11354.

92. From on or about February, 2016 to July 31, 2017, Plaintiff XIU LING PAN's regular work schedule ran from:

      a. 06:30 to 16:30 for ten (10) hours a day for six (6) days and sixty (60) hours;

      b. thirty (30) minutes of break a day for six (6) days and three (3) hours.

93. Thus, February 01, 2016 to July 31, 2017, Plaintiff XIU LING PAN worked for a total of fifty-seven (57) hours a week.

94. At all relevant times, Plaintiff XIU LING PAN did not have a fixed time for lunch or for dinner.

95. In fact, Plaintiff XIU LING PAN had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

96. From on or about February, 2016 to July 31, 2017, Plaintiff XIU LING PAN was paid a flat compensation at a rate of nine dollars ($8.75) per hour.

97.     From on or about February 01, 2017 to July 31, 2017, Plaintiff XIU LING PAN was paid a flat compensation at a rate of nine dollars ($9) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

98.     At all relevant times, Plaintiff XIU LING PAN was not paid overtime pay for overtime work.

99.     Throughout her employment, Plaintiff XIU LING PAN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

100.    Throughout her employment, Plaintiff XIU LING PAN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

101.    Throughout her employment, Plaintiff XIU LING PAN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

102.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIU LING PAN wages promised to her in the amount of around two thousand nine hundred and eighty dollars ($2,980).

### *Plaintiff GUAN QU LI*

103.    From on or about September 30, 2015 to July 31, 2017, Plaintiff GUAN QU LI was employed by Defendants to work as a chef and manager at HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11355.

104.    From on or about September 30, 2015 to July 31, 2017, Plaintiff GUAN QU LI's

regular work schedule ran from 09:00 to 22:00 for thirteen (13) hours a day for seven (7) days and ninety-one (91) hours.

105.    Thus, from September 30, 2015 to July 31, 2017, Plaintiff GUAN QU LI worked for a total of ninety-one (91) hours each week.

106.    At all relevant times, Plaintiff GUAN QU LI did not have a fixed time for lunch or for dinner.

107.    From on or about September 30, 2015 to December 31, 2015, Plaintiff GUAN QU LI was paid a flat compensation at a rate of two thousand two hundred dollars ($2,200) per month.

108.    From on or about January 01, 2016 to August 31, 2016, Plaintiff GUAN QU LI was paid a flat compensation at a rate of two thousand five hundred dollars ($2,500) per month.

109.    From on or about September 01, 2016 to July 31, 2017, Plaintiff GUAN QU LI was paid a flat compensation at a rate of two thousand seven hundred dollars ($2,700) per month.

110.    At all relevant times, Plaintiff GUAN QU LI was not paid overtime pay for overtime work.

111.    Throughout his employment, Plaintiff GUAN QU LI was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

112.    Throughout his employment, Plaintiff GUAN QU LI was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

113.     Throughout his employment, Plaintiff GUAN QU LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

114.     In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff GUAN QU LI wages promised to him in the amount of around four thousand dollars ($4,000) or three thousand eight hundred dollars ($3800).

### *Plaintiff XIAO LI LU*

115.     From on or about June 01, 2017 to July 09, 2017, Plaintiff XIAO LI LU was employed by Defendants to work as a salesperson at HAPPY RESTAURANT INC. located at 40-28 Main St, Flushing, NY 11354.

116.     From on or about June 01, 2017 to July 09, 2017, Plaintiff XIAO LI LU's regular work schedule ran from:

a.     05:30 to 14:30 for nine (9) hours a day for six (6) days and fifty-four (54) hours.

117.     Thus, from June 01, 2017 to July 09, 2017, Plaintiff XIAO LI LU worked for a total of fifty-four (54) hours each week.

118.     At all relevant times, Plaintiff XIAO LI LU did not have a fixed time for lunch or for dinner.

119.     From on or about June 01, 2017 to July 09, 2017, Plaintiff XIAO LI LU was paid a flat compensation at a rate of eight dollars ($8) per hour.

120.     At all relevant times, Plaintiff XIAO LI LU was not paid overtime pay for overtime work.

121.     At all relevant times, Plaintiff XIAO LI LU was never informed of her hourly

pay rate or any tip deductions toward the minimum wage.

122.    Throughout her employment, Plaintiff XIAO LI LU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

123.    Throughout her employment, Plaintiff XIAO LI LU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

124.    Throughout her employment, Plaintiff XIAO LI LU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

125.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIAO LI LU wages promised to her in the amount of around seven hundred and twenty dollars ($720).

### *Plaintiff WEN ZHU CHEN*

126.    From on or about January 25, 2014 to December 01, 2015 and then again from May 13, 2016 to July 02, 2017, Plaintiff WEN ZHU CHEN was employed by Defendants to work as a Packer at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

127.    From on or about January 25, 2014 to December 01, 2015, Plaintiff WEN ZHU CHEN's regular work schedule ran from:

    a.  05:30 to 16:00 for ten (10) hours and thirty (30) minutes a day on Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, for six (6) days and sixty-three (63) hours;

b.   thirty (30) minutes of break a day on Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, for six (6) days and three (3) hours.

128.   Thus, from January 25, 2014 to December 01, 2015, Plaintiff WEN ZHU CHEN worked for a total of sixty (60) hours a week for a total of sixty (60) hours each week.

129.   From on or about May 13, 2015 to July 02, 2017, Plaintiff WEN ZHU CHEN's regular work schedule ran from:

a. 07:00 to 17:00 for ten (10) hours a day on Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, for six (6) days and sixty (60) hours;

b. thirty (30) minutes of break a day on Mondays, Tuesdays, Wednesdays, Fridays, Saturdays, and Sundays, for six (6) days and three (3) hours.

130.   Thus, from May 13, 2015 to July 02, 2017, Plaintiff XIAO LI LU worked week for a total of 57 hours each week.

131.   At all relevant times, Plaintiff WEN ZHU CHEN did not have a fixed time for lunch or for dinner.

132.   From on or about January 25, 2014 to July 02, 2017, Plaintiff WEN ZHU CHEN was paid a flat compensation at a rate of ten dollars ($10) per hour.

133.   At all relevant times, Plaintiff WEN ZHU CHEN was not paid overtime pay for overtime work.

134.   At all relevant times, Plaintiff WEN ZHU CHEN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

135.   Throughout her employment, Plaintiff WEN ZHU CHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

136.    Throughout her employment, Plaintiff WEN ZHU CHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

137.    Throughout her employment, Plaintiff WEN ZHU CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

138.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff WEN ZHU CHEN wages promised to her in amount around eight hundred and fifty dollars ($850).

### *Plaintiff QIU YAN GUO a/k/a Cai Yun Meng*

139.    From on or about October 21, 2016 to July 31, 2017, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was employed by Defendants to work as a pastry chef at 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and also HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main St, Flushing NY 11354.

140.    From on or about October 21, 2016 to January 25, 2017, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG worked at 135-42 Roosevelt Avenue, Flushing, NY, 11354, his regular work schedule ran from 05:30 to 17:30 for twelve (12) hours a day for six and a half (6.5) days and seventy-eight (78) hours.

141.    Thus, from October 21, 2016 to January 25, 2017, Plaintiff QIU YAN GUO worked for a total of seventy-eight (78) hours each week.

142.    From on or about January 26, 2017 to July 31, 2017, Plaintiff QIU YAN GUO

a/k/a CAI YUN MENG worked at 40-28 Main St, Flushing NY 11354 regular work schedule ran from 05:30 to 17:30 for twelve (12) hours a day for six and a half (6.5) days and seventy-eight (78) hours.

143.    Thus, from January 26, 2017 to July 31, 2017, Plaintiff QIU YAN GUO worked for a total of seventy-eight (78) hours each week.

144.    At all relevant times, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG did not have a fixed time for lunch or for dinner.

145.    From on or about October 21, 2016 to July 31, 2017, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was paid a flat compensation at a rate of one hundred five dollars ($105) per day.

146.    At all relevant times, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was not paid overtime pay for overtime work.

147.    At all relevant times, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

148.    Throughout her employment, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

149.    Throughout her employment, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

150.    Throughout her employment, Plaintiff QIU YAN GUO a/k/a CAI YUN MENG

was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

151.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff QIU YAN GUO wages promised to her in the amount of around one thousand five hundred dollars ($1,500) or one thousand six hundred dollars ($1,600).

### Plaintiff JI CHAO ZHENG

152.    From on or about January 1, 2013 to March 9, 2017, Plaintiff JI CHAO ZHENG was employed by Defendants to work as a Chef and Kitchen Manager at HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354.

153.    From on or about January 1, 2013 to March 9, 2017, Plaintiff JI CHAO ZHENG's regular work schedule ran from 09:00 to 20:00 for eleven (11) hours a day for six and a half (6.5) days and seventy-one (71) hours and thirty (30) minutes.

154.    Thus, from January, 2013 to August, 2017, Plaintiff JI  CHAO ZHENG worked for a total of seventy-one (71) hours and thirty (30) minutes each week.

155.    At all relevant times, Plaintiff JI CHAO ZHENG did not have a fixed time for lunch or for dinner.

156.    From on or about January 01, 2013 to August 31, 2017, Plaintiff JI CHAO ZHENG was paid a flat compensation at a rate of four thousand five hundred dollars ($4,500) per month.

157.    At all relevant times, Plaintiff JI CHAO ZHENG was not paid overtime pay for overtime work.

158.    At all relevant times, Plaintiff JI CHAO ZHENG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

159.   Throughout his employment, Plaintiff JI CHAO ZHENG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

160.   Throughout his employment, Plaintiff JI CHAO ZHENG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

161.   Throughout his employment, Plaintiff JI CHAO ZHENG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

162.   In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff JI CHAO ZHENG wages promised to him in the amount of around two thousand dollars ($2,000) or one thousand two hundred dollars ($1200).

### Plaintiff AI YU SHEN

163.   From on or about November 1, 2015 to March 31, 2017, Plaintiff AI YU SHEN was employed by Defendants to work as a Pastry Chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

164.   From on or about November 1, 2015 to March 31, 2017, Plaintiff AI YU SHEN's regular work schedule ran from 06:00 to 17:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours.

165.   Thus, from November 1, 2015 to March 31, 2017, Plaintiff XIAO LI LU worked for a total of sixty-six (66) hours a week

166.    At all relevant times, Plaintiff AI YU SHEN did not have a fixed time for lunch or for dinner.

167.    From on or about November, 2015 to April 30, 2016, Plaintiff AI YU SHEN was paid a flat compensation at a rate of two thousand eight hundred dollars ($2800.00) per month.

168.    From on or about May 01, 2016, Plaintiff AI YU SHEN was paid a flat compensation a rate of three thousand dollars ($3,000.00) per month.

169.    From on or about November 01, 2016 to March 2017, Plaintiff AI YU SHEN was paid a flat compensation at a rate of ten dollars ($10.00) per hour for each hour.

170.    At all relevant times, Plaintiff AI YU SHEN was not paid overtime pay for overtime work.

171.    At all relevant times, Plaintiff AI YU SHEN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

172.    Throughout her employment, Plaintiff AI YU SHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

173.    Throughout her employment, Plaintiff AI YU SHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

174.    Throughout her employment, Plaintiff AI YU SHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her

promised rate.

175.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff AI YU SHEN wages promised to her in the amount of around one thousand eight hundred dollars ($1,800).

### *Plaintiff LI XIAN JIANG*

176.    From on or about August 1, 2016 to July 31, 2017, Plaintiff LI XIAN JIANG was employed by Defendants to work the Oil Wok at HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354 and 7 EXPRESS RESTAURANT CORP d/b/a 7 Express and 7 EXPRESS INC. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

177.    From on or about August 1, 2016 to July 31, 2017, Plaintiff LI XIAN JIANG's regular work schedule ran from:

      a.  05:00 to 15:00 for ten (10) hours a day for three (3) days and thirty (30) hours;

      b.  one (1) hour of break a day for three (3) days and three (3) hours.

178.    Thus, from August 1, 2016 to July 31, 2017, Plaintiff LI XIAN JIANG worked for a total of twenty-seven (27) hours a week.

179.    At all relevant times, Plaintiff LI XIAN JIANG did not have a fixed time for lunch or for dinner.

180.    From on or about August 1, 2016 to July 31, 2017, Plaintiff LI XIAN JIANG was paid a flat compensation at a rate of eight dollars ($8.00) per hour.

181.    At all relevant times, Plaintiff LI XIAN JIANG was not paid overtime pay for overtime work.

182.    At all relevant times, Plaintiff LI XIAN JIANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

183.   Throughout his employment, Plaintiff LI XIAN JIANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

184.   Throughout his employment, Plaintiff LI XIAN JIANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

185.   Throughout his employment, Plaintiff LI XIAN JIANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

186.   In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff LI XIAN JIANG wages promised to him in the amount of around one thousand dollars ($1,000).

### *Plaintiff PING LI*

187.   From on or about February 18, 2017 to July 31, 2017, Plaintiff PING LI was employed by Defendants to work as a Baker AT HAPPY RESTAURANT INC d/b/a Happy Food located at 40-28 Main St, Flushing, NY 11354.

188.   From on or about February 18, 2017 to July 31, 2017, Plaintiff PING LI's regular work schedule ran from:

    a.   06:00 to 17:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours;

    b.   one (1) hour and ten (10) minutes of break a day for six (6) days and seven (7) hours.

189.    Thus, from February 18, 2017 to July 31, 2017, Plaintiff XIAO LI LU worked for a total of fifty-nine (59) hours each week.

190.    At all relevant times, Plaintiff PING LI did not have a fixed time for lunch or for dinner.

191.    From on or about February 18, 2017 to March 31, 2017, Plaintiff PING LI was paid a flat compensation at a rate of nine dollars ($8.50) per hour.

192.    From on or about April 01, 2017 to July 31, 2017, Plaintiff PING LI was paid a flat compensation at a rate of ten dollars ($9.50) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

193.    At all relevant times, Plaintiff PING LI was not paid overtime pay for overtime work.

194.    At all relevant times, Plaintiff PING LI was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

195.    Throughout her employment, Plaintiff PING LI was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

196.    Throughout her employment, Plaintiff PING LI was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

197.    Throughout her employment, Plaintiff PING LI was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her

promised rate.

198.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff PING LI wages promised to her in the amount of around eight hundred and fifty dollars ($850).

### Plaintiff XIAO LAN ZHANG

199.    From on or about September 1, 2015 to July 31, 2017, Plaintiff XIAO LAN ZHANG was employed by Defendants to work as a Fry Wok, and Baker (April, 2016 to October, 2016) 135-42 Roosevelt Avenue, Flushing, NY, 11354.

200.    From on or about September 01, 2015 to March 31, 2016, Plaintiff XIAO LAN ZHANG's regular work schedule ran from 06:00 to 17:00 for six (6) days, for a total of sixty-six (66) hours each week.

201.    From on or about April 01, 2016 to September 30, 2016, Plaintiff XIAO LAN ZHANG's regular work schedule ran from 06:00-17:00 for seven (7) days, for a total of seventy-seven (77) hours each week.

202.    From on or about October 01, 2016 to July 31, 2017, Plaintiff XIAO LAN ZHANG's regular work schedule ran from 06:00 to 17:00 for six (6) days, for a total of sixty-six (66) hours each week.

203.    At all relevant times, Plaintiff XIAO LAN ZHANG did not have a fixed time for lunch or for dinner.

204.    In fact, Plaintiff XIAO LAN ZHANG had no fixed times to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

205.    From on or about September 01, 2015 to December 31, 2015, Plaintiff XIAO LAN ZHANG was paid a flat compensation at a rate of one thousand eight hundred dollars

($1800.00) per month.

206.    From on or about January 01, 2016 to March 31, 2016, Plaintiff XIAO LAN ZHANG was paid a flat compensation at a rate of nine dollars ($9.00) per hour for each hour worked, including for hours she worked in excess of forty (40) hours in a workweek.

207.    From on or about April 01, 2016 to April 30, 2016, Plaintiff XIAO LAN ZHANG was paid a flat compensation at a rate of ten dollars ($10.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

208.    From on or about May 01, 2016 to July 31, 2017, Plaintiff XIAO LAN ZHANG was paid a flat compensation at a rate of elven dollars ($11.00) per hour for each hour worked, including for hours she worked in excess of forty (40) hours in a workweek.

209.    At all relevant times, Plaintiff XIAO LAN ZHANG was not paid overtime pay for overtime work.

210.    At all relevant times, Plaintiff XIAO LAN ZHANG was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

211.    Throughout her employment, Plaintiff XIAO LAN ZHANG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

212.    Throughout her employment, Plaintiff XIAO LAN ZHANG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

213.    Throughout her employment, Plaintiff XIAO LAN ZHANG was not

compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

214.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIAO LAN ZHANG wages promised to her in the amount of around one thousand dollars ($1,000).

### Plaintiff QIAO YING ZOU

215.    From on or about January 01, 2016 to October 31, 2016, and again from February 20, 2017, Plaintiff QIAO YING ZOU was employed by Defendants to work as a fry wok at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

216.    From on or about January 01, 2016 to July 09, 2017, Plaintiff QIAO YING ZOU's regular work schedule ran from:

   a.  04:30 to 13:00 for eight (8) hours and thirty (30) minutes a day for six (6) days and fifty-one (51) hours;

   b.  04:30 to 20:00 for fifteen (15) hours and thirty (30) minutes a day for one (1) day and fifteen (15) hours and thirty (30) minutes, for a total of fifteen (15) hours and thirty (30) minutes a week for a total of sixty-six (66) hours and thirty (30) minutes each week.

217.    At all relevant times, Plaintiff QIAO YING ZOU did not have a fixed time for lunch or for dinner.

218.    From on or about January 01, 2016 to February 28, 2016, Plaintiff QIAO YING ZOU was paid a flat compensation at a rate of one thousand eight hundred dollars ($1,800) per month.

219.    From on or about March 01, 2016 to June 30, 2016, Plaintiff QIAO YING ZOU was paid a flat compensation at a rate of two thousand dollars ($2,000.00) per month.

220.    From on or about July 01, 2016 to August 31, 2016, Plaintiff QIAO YING ZOU was paid a flat compensation at a rate of eight dollars ($8.00) per hour for each hour worked, including for hours she worked in excess of forty (40) hours in a workweek.

221.    From on or about September 01, 2016 to July 09, 2017, Plaintiff QIAO YING ZOU was paid a flat compensation at a rate of nine dollars ($9.00) per hour for each hour worked, including for hours she worked in excess of forty (40) hours in a workweek.

222.    At all relevant times, Plaintiff QIAO YING ZOU was not paid overtime pay for overtime work.

223.    At all relevant times, Plaintiff QIAO YING ZOU was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

224.    Throughout her employment, Plaintiff QIAO YING ZOU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

225.    Throughout her employment, Plaintiff QIAO YING ZOU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

226.    Throughout her employment, Plaintiff QIAO YING ZOU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

227.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff QIAO YING ZOU wages promised

to her in the amount of around one thousand and six hundred dollars ($1,600).

**_Plaintiff SHUANG FENG_**

228.     From on or about October 28, 2016 to June 26, 2017, Plaintiff SHUANG FENG LU was employed by Defendants to work as a Fry Wok at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

229.     From on or about October 28, 2016 to November 30, 2016, Plaintiff SHUANG FENG LU's regular work schedule ran from 05:30 to 17:00 for eleven (11) hours and thirty (30) minutes for six (6) days and sixty-nine (69) hours; ten (10) minutes of break a day for six (6) days and one (1) hour, for a total of sixty-eight (68) hours a week for a total of sixty-eight (68) hours each week.

230.     From on or about December 01, 2016 to June 26, 2017, Plaintiff SHUANG FENG LU's regular work schedule ran from 05:30 to 17:00 for eleven (11) hours and thirty (30) minutes for seven (7) days and eighty and a half (80.5) hours; ten (10) minutes of break a day for seven (7) days and one point one-seven (1.17) hour, for a total of seventy-nine (79) hours and a third (0.33) of an hour a week for a total of seventy-nine (79) hours and a third (0.33) of an hour each week.

231.     At all relevant times, Plaintiff SHUANG FENG LU did not have a fixed time for lunch or for dinner.

232.     In fact, Plaintiff SHUANG FENG LU had ten (10) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

233.     From on or about October 28, 2016 to June 26, 2017, Plaintiff SHUANG FENG LU was paid a flat compensation at a rate of two thousand eight hundred dollars ($2800.00) per month.

234.    At all relevant times, Plaintiff SHUANG FENG LU was not paid overtime pay for overtime work.

235.    At all relevant times, Plaintiff SHUANG FENG LU was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

236.    Throughout her employment, Plaintiff SHUANG FENG LU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

237.    Throughout her employment, Plaintiff SHUANG FENG LU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

238.    Throughout her employment, Plaintiff SHUANG FENG LU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

239.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff SHUANG FENG LU wages promised to her in the amount of around two thousand and seven hundred dollars ($2700).

### *Plaintiff XIU QIN HUANG*

240.    From on or about September 07, 2015 to July 08, 2017, Plaintiff XIU QIN HUANG was employed by Defendants to work as a Chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

241.    From on or about September 07, 2015 to July 08, 2017, Plaintiff XIU QIN HUANG's regular work schedule ran from 04:00 to 21:00 for seventeen (17) hours a day for

seven (7) days and a hundred and nineteen (119) hours; thirty (30) minutes of break a day for

seven (7) days and three (3) hours and thirty (30) minutes, for a total of a hundred and fifteen

(1150 hours and thirty (30) minutes each week.

242.    At all relevant times, Plaintiff XIU QIN HUANG did not have a fixed time for

lunch or for dinner.

243.    In fact, Plaintiff XIU QIN HUANG had thirty (30) minutes to eat and even then

she was on call, meaning that if customer's order came, her break stopped and she had to

continue working.

244.    From on or about September 07, 2015 to December 31, 2015, Plaintiff XIU QIN

HUANG was paid a flat compensation at a rate of one thousand eight hundred dollars ($1800)

per month.

245.    From on or about January 01, 2016 to March 31, 2016, Plaintiff XIU QIN

HUANG was paid a flat compensation at a rate of one thousand nine hundred dollars ($1900)

per month.

246.    From on or about April 01, 2016 to July 31, 2016, Plaintiff XIU QIN HUANG

was paid a flat compensation at a rate of two thousand dollars ($2000) per month.

247.    From on or about August 01, 2016 to July 08, 2017, Plaintiff XIU QIN HUANG

was paid a flat compensation at a rate of two thousand two hundred dollars ($2200) per month.

248.    At all relevant times, Plaintiff XIU QIN HUANG was not paid overtime pay for

overtime work.

249.    At all relevant times, Plaintiff XIU QIN HUANG was never informed of her

hourly pay rate or any tip deductions toward the minimum wage.

250.    Throughout her employment, Plaintiff XIU QIN HUANG was not given a

statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

251.    Throughout her employment, Plaintiff XIU QIN HUANG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

252.    Throughout her employment, Plaintiff XIU QIN HUANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

253.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIU QIN HUANG wages promised to her in the amount of around five thousand and five hundred dollars ($5,500).

### Plaintiff JIAN XIU TANG

254.    From on or about November 13, 2016 to July 03, 2017, Plaintiff JIAN XIU TANG was employed by Defendants to work as a chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and 40-28 Main Street, Flushing, NY 11355.

255.    From on or about November 13, 2016 to July 03, 2017, Plaintiff JIAN XIU TANG's regular work schedule ran from 07:00 to 19:00 for twelve (12) hours a day for six (6) days and seventy-two (72) hours a week; thirty (30) minutes of break a day for six (6) days and three (3) hours; for a total of sixty-nine (69) hours a week for a total of sixty-nine (69) hours each week.

256.    At all relevant times, Plaintiff JIAN XIU TANG did not have a fixed time for lunch or for dinner.

257.    In fact, Plaintiff JIAN XIU TANG had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

258.    From on or about November 03, 2016 to December 31, 2016, Plaintiff JIAN XIU TANG was paid a flat compensation at a rate of one thousand eight hundred dollars ($1,800) per month.

259.    From on or about January 01, 2017 to July 03, 2017, Plaintiff JIAN XIU TANG was paid a flat compensation at a rate of one hundred dollars ($100) per day.

260.    From on or about November 03, 2016 to December 31, 2016, Plaintiff JIAN XIU TANG was paid a flat compensation at a rate of one thousand eight hundred dollars ($1,800) per month.

261.    From on or about January 01, 2017 to July 03, 2017, Plaintiff JIAN XIU TANG was paid a flat compensation at a rate of one hundred dollars ($100) per day.

262.    At all relevant times, Plaintiff JIAN XIU TANG was not paid overtime pay for overtime work.

263.    At all relevant times, Plaintiff JIAN XIU TANG was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

264.    Throughout her employment, Plaintiff JIAN XIU TANG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

265.    Throughout her employment, Plaintiff JIAN XIU TANG was not compensated

at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

266.    Throughout her employment, Plaintiff JIAN XIU TANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

267.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff JIAN XIU TANG wages promised to her in the amount of around nine hundred dollars ($900) to one thousand dollars ($1000).,

### *Plaintiff SHANG QIN CHEN*

268.    From on or about February 01, 2014 to September 30, 2017, Plaintiff SHANG QIN CHEN was employed by Defendants to work as a sales person at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

269.    From on or about September 30, 2012 to September 30, 2017, Plaintiff SHANG QIN CHEN's regular work schedule ran from 07:00 to 18:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours; thirty (30) minutes of break a day for six (6) days and three (3) hours, for a total of sixty-three (63) hours a week for a total of sixty-three (63) hours each week.

270.    At all relevant times, Plaintiff SHAN QIN CHEN did not have a fixed time for lunch or for dinner.

271.    In fact, Plaintiff SHAN QIN CHEN had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

272.    From on or about February 01, 2014 to September 30, 2017, Plaintiff SHAN QIN CHEN was paid a flat compensation at a rate of ten dollars ($10) per hour.

273.    At all relevant times, Plaintiff SHAN QIN CHEN was not paid overtime pay for overtime work.

274.    At all relevant times, Plaintiff SHAN QIN CHEN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

275.    Throughout her employment, Plaintiff SHAN QIN CHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

276.    Throughout her employment, Plaintiff SHAN QIN CHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

277.    Throughout her employment, Plaintiff SHAN QIN CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

278.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff SHAN QIN CHEN wages promised to her in the amount of around eight hundred dollars ($800).

### *Plaintiff FU PING CHEN*

279.    From on or about March 10, 2016 to March 31, 2017, Plaintiff FU PING CHEN was employed by Defendants to work as a Cleaner at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

280.    From on or about March 10, 2016 to March 31, 2017, Plaintiff FU PING CHEN's regular work schedule ran from 05:30 to 16:00 for ten (10) hours and thirty (30)

minutes a day for seven (7) days and seventy-three (73) and thirty (30) minutes; thirty (30) minutes of break a day for seven (7) days and three and a half (3.5) hours, for a total of seventy (70) hours a week for a total of seventy (70) hours each week.

281.    At all relevant times, Plaintiff FU PING CHEN did not have a fixed time for lunch or for dinner.

282.    From on or about March 10, 2016 to May 31, 2016, Plaintiff FU PING CHEN was paid a flat compensation at a rate of one thousand eight hundred dollars ($1800.00) per month.

283.    From on or about June 01, 2016 to July 08, 2017, Plaintiff FU PING CHEN was paid a flat compensation at a rate of two thousand dollars ($2000) per month.

284.    At all relevant times, Plaintiff FU PING CHEN was not paid overtime pay for overtime work.

285.    At all relevant times, Plaintiff FU PING CHEN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

286.    Throughout her employment, Plaintiff FU PING CHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

287.    Throughout her employment, Plaintiff FU PING CHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

288.    Throughout her employment, Plaintiff FU PING CHEN was not compensated

for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

289.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff FU PING CHEN wages promised to her in the amount of around nine hundred dollars ($900).

### Plaintiff YONG FANG CHEN

290.    From on or about March 04, 2016 to July 31, 2017, Plaintiff YONG FANG CHEN was employed by Defendants to work as a Chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

291.    From on or about March 04, 2016 to July 31, 2017, Plaintiff YONG FANG CHEN's regular work schedule ran from 08:00 to 21:00 for thirteen (13) hours a day on Mondays, Tuesdays, Wednesdays, Thursdays, and Fridays for five (5) days and sixty-five (65) hours; 06:00 to 21:00 for fifteen (15) hours a day on Sundays for one (1) day and fifteen (15) hours, for a total of eighty (80) hours a week for a total of eighty (80) hours each week.

292.    At all relevant times, Plaintiff YONG FANG CHEN did not have a fixed time for lunch or for dinner.

293.    In fact, Plaintiff YONG FANG CHEN had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

294.    From on or about March 04, 2016 to July 31, 2017, Plaintiff YONG FANG CHEN was paid a flat compensation at a rate of one hundred thirty dollars ($130) per day.

295.    At all relevant times, Plaintiff YONG FANG CHEN was not paid overtime pay for overtime work.

296.    At all relevant times, Plaintiff YONG FANG CHEN was never informed of her

hourly pay rate or any tip deductions toward the minimum wage.

297.    Throughout her employment, Plaintiff YONG FANG CHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

298.    Throughout her employment, Plaintiff YONG FANG CHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

299.    Throughout her employment, Plaintiff YONG FANG CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

300.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff YONG FANG CHEN wages promised to her in the amount of around three thousand dollars ($3,000).

### *Plaintiff JING WANG*

301.    From on or about February 03, 2015 to March 09, 2017, Plaintiff JING WANG was employed by Defendants to work as a Pastry chef/Pastry Manager at 40-28 Main Street, Flushing, NY 11354.

302.    From on or about February 03, 2015 to March 09, 2017, Plaintiff JING WANG's regular work schedule ran from 07:00 to 18:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours, for a total of sixty-six (66) hours a week for a total of sixty-six (66) hours each week.

303.    At all relevant times, Plaintiff JING WANG did not have a fixed time for lunch

or for dinner.

304.    In fact, Plaintiff JING WANG had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

305.    From on or about February 03, 2015 to January 31, 2016, Plaintiff JING WANG was paid a flat compensation at a rate of nine dollars ($8.75) per hour.

306.    From on or about February 01, 2016 to November 30, 2016, Plaintiff JING WANG was paid a flat compensation at a rate of ten dollars ($10) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

307.    From December 01, 2016 to March 09, 2017, Plaintiff JING WANG was paid a flat compensation at a rate of eleven dollars ($11) per day.

308.    At all relevant times, Plaintiff JING WANG was not paid overtime pay for overtime work.

309.    At all relevant times, Plaintiff JING WANG was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

310.    Throughout her employment, Plaintiff JING WANG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

311.    Throughout her employment, Plaintiff JING WANG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

312. Throughout her employment, Plaintiff JING WANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

313. In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff JING WANG wages promised to her in the amount of around two hundred dollars ($200).

### Plaintiff KANG RUI WANG

314. From on or about February 01, 2016 to July 05, 2017, Plaintiff KANG RUI WANG was employed by Defendants to work as a Soy Milk Maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

315. From on or about February 01, 2016 to July 05, 2017, Plaintiff KANG RUI WANG's regular work schedule ran from 04:00 to 14:00 for ten (10) hours a day for six and a half (6.5) days and sixty-five (65) hours, for a total of sixty-five (65) hours a week for a total of sixty-five (65) hours each week.

316. At all relevant times, Plaintiff KANG RUI WANG did not have a fixed time for lunch or for dinner.

317. In fact, Plaintiff KANG RUI WANG had thirty (30) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to continue working.

318. From on or about February 01, 2016 to May 31, 2016, Plaintiff KANG RUI WANG was paid a flat compensation at a rate of one thousand eight hundred dollars ($1,800) per month.

319. From on or about June 01, 2016 to July 05, 2017, Plaintiff KANG RUI WANG was paid a flat compensation at a rate of two thousand dollars ($2,000) per month.

320.    At all relevant times, Plaintiff KANG RUI WANG was not paid overtime pay for overtime work.

321.    At all relevant times, Plaintiff KANG RUI WANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

322.    Throughout his employment, Plaintiff KANG RUI WANG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

323.    Throughout his employment, Plaintiff KANG RUI WANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

324.    Throughout his employment, Plaintiff KANG RUI WANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

325.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff KANG RUI WANG wages promised to him in the amount of around two thousand and four hundred dollars ($2,400).

### Plaintiff MEI XIU WU

326.    From on or about June 20, 2016 to July 03, 2017, Plaintiff MEI XIU WU was employed by Defendants to work as a Chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

327.    From on or about June 20, 2016 to July 03, 2017, Plaintiff MEI XIU WU's regular work schedule ran from 06:00 to 15:00 for nine (9) hours a day for six (6) days and fifty-four (54) hours, for a total of fifty-four (54) hours a week for a total of fifty-four (54) hours

each week.

328.    At all relevant times, Plaintiff MEI XIU WU did not have a fixed time for lunch or for dinner.

329.    In fact, Plaintiff MEI XIU WU had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

330.    From on or about August 20, 2016 to June 29, 2017, Plaintiff MEI XIU WU was paid a flat compensation at a rate of nine dollars ($8.75) per hour.

331.    From on or about June 30, 2017 to July 03, 2017, Plaintiff MEI XIU WU was paid a flat compensation at a rate of ten dollars ($10) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

332.    At all relevant times, Plaintiff MEI XIU WU was not paid overtime pay for overtime work.

333.    At all relevant times, Plaintiff MEI XIU WU was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

334.    Throughout her employment, Plaintiff MEI XIU WU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

335.    Throughout her employment, Plaintiff MEI XIU WU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

336. Throughout her employment, Plaintiff MEI XIU WU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

337. In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff MEI XIU WU wages promised to her in the amount of around one thousand and three hundred dollars ($1,300)

### *Plaintiff MEI YU REN*

338. From on or about March 01, 2015 to July 09, 2017, Plaintiff MEI YU REN was employed by Defendants to work as a Packing at 135-42 Roosevelt Avenue, Flushing, NY, 11354 and 40-28 Main Street, Flushing NY 11354.

339. From on or about March 01, 2015 to July 9, 2017, Plaintiff MEI YU REN's regular work schedule ran from 13:30 to 22:30 for nine (9) hours a day for six (6) days and fifty-four (54) hours; thirty (30) minutes of break a day for six (6) days and three (3) hours, for a total of fifty-one (51) hours a week for a total of fifty-one (51) hours each week.

340. At all relevant times, Plaintiff MEI YU REN did not have a fixed time for lunch or for dinner.

341. In fact, Plaintiff MEI YU REN had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

342. From on or about March 01, 2015 to September 01, 2015, Plaintiff MEI YU REN was paid a flat compensation at a rate of nine dollars ($8.75) per hour.

343. From on or about September 02, 2015 to July 09, 2017, Plaintiff MEI YU REN was paid a flat compensation at a rate of ten dollars ($10) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

344.    From on or about September 02, 2015 to July 09, 2017, Plaintiff MEI YU REN was paid a flat compensation at a rate of ten dollars ($10) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

345.    At all relevant times, Plaintiff MEI YU REN was not paid overtime pay for overtime work.

346.    At all relevant times, Plaintiff MEI YU REN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

347.    Throughout her employment, Plaintiff MEI YU REN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

348.    Throughout her employment, Plaintiff MEI YU REN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

349.    Throughout her employment, Plaintiff MEI YU REN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

350.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff MEI YU REN wages promised to her in the amount of around nine hundred dollars ($900).

### *Plaintiff BO ZHI SITU*

351.    From on or about May 11, 2016 to July 03, 2017, Plaintiff BO ZHI SITU was

employed by Defendants to work as a Fry Wok at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

352.    From on or about May 11, 2016 to July 03, 2017, Plaintiff BO ZHI SITU's regular work schedule ran from 11:00 to 22:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours; thirty (30) minutes of break a day for six (6) days and three (3) hours, for a total of sixty-three (63) hours a week for a total of sixty-three (63) hours each week.

353.    At all relevant times, Plaintiff BO ZHI SITU did not have a fixed time for lunch or for dinner.

354.    In fact, Plaintiff BO ZHI SITU had thirty (30) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to continue working.

355.    From on or about May 11, 2016 to July 03, 2017, Plaintiff BO ZHI SITU was paid a flat compensation at a rate of two thousand three hundred dollars ($2300.00) per month.

356.    At all relevant times, Plaintiff BO ZHI SITU was not paid overtime pay for overtime work.

357.    At all relevant times, Plaintiff BO ZHI SITU was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

358.    Throughout his employment, Plaintiff BO ZHI SITU was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

359.    Throughout his employment, Plaintiff BO ZHI SITU was not compensated at

least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

360.   Throughout his employment, Plaintiff BO ZHI SITU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

361.   In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff BO ZHI SITU wages promised to her in the amount of around four thousand one hundred and sixty-eight dollars ($4,168).

### *Plaintiff XIUYING OU*

362.   From on or about February 05, 2015 to July 03, 2017, Plaintiff XIUYING OU was employed by Defendants to work as a Packer at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

363.   From on or about February 05, 2015 to July 03, 2017, Plaintiff XIUYING OU's regular work schedule ran from 05:30 to 15:00 for nine (9) hours and thirty (30) minutes a day for six (6) days and fifty-seven (57) hours; thirty (30) minutes of break a day for six (6) days and three (3) hours, for a total of fifty-four (54) hours a week for a total of fifty-four (54) hours each week.

364.   At all relevant times, Plaintiff XIUYING OU did not have a fixed time for lunch or for dinner.

365.   In fact, Plaintiff XIUYING OU had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

366.   From on or about February 05, 2015 to July 03, 2017, Plaintiff XIUYING OU was paid a flat compensation at a rate of ten dollars ($10.00) per hour.

367.    At all relevant times, Plaintiff XIUYING OU was not paid overtime pay for overtime work.

368.    At all relevant times, Plaintiff XIUYING OU was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

369.    Throughout her employment, Plaintiff XIUYING OU was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

370.    Throughout her employment, Plaintiff XIUYING OU was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

371.    Throughout her employment, Plaintiff XIUYING OU was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

372.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIUYING OU wages promised to her in the amount of around one thousand three hundred dollars ($1,300).

### *Plaintiff YAJUN YOU*

373.    From on or about May 01, 2017 to July 09, 2017, Plaintiff YAJUN YOU was employed by Defendants to work as a Packer at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

374.    From on or about May 01, 2017 to July 09, 2017, Plaintiff YAJUN YOU's regular work schedule ran from 10:00 to 21:00 for eleven (11) hours a day for six (6) days and

sixty-six (66) hours; thirty (30) minutes of break a day for six (6) days and three (3) hours, for

a total of sixty-three (63) hours a week for a total of sixty-three (63) hours each week.

375.    At all relevant times, Plaintiff YAJUN YOU did not have a fixed time for lunch

or for dinner.

376.    In fact, Plaintiff YAJUN YOU had thirty (30) minutes to eat and even then she

was on call, meaning that if customer's order came, his break stopped and he had to continue

working.

377.    From on or about May 01, 2017 to July 09, 2017, Plaintiff YAJUN YOU was

paid a flat compensation at a rate of two thousand one hundred dollars ($2,100) per month.

378.    At all relevant times, Plaintiff YAJUN YOU was not paid overtime pay for

overtime work.

379.    At all relevant times, Plaintiff YAJUN YOU was never informed of her hourly

pay rate or any tip deductions toward the minimum wage.

380.    Throughout her employment, Plaintiff YAJUN YOU was not given a statement

with her weekly payment reflecting employee's name, employer's name, employer's address

and telephone number, employee's rate or rates of pay, any deductions made from employee's

wages, any allowances claimed as part of the minimum wage, and the employee's gross and net

wages for each pay day in Chinese, Plaintiff's native language.

381.    Throughout her employment, Plaintiff YAJUN YOU was not compensated at

least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in

each workweek.

382.    Throughout her employment, Plaintiff YAJUN YOU was not compensated for

New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her

promised rate.

383.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff YAJUN YOU, wages promised to her in the amount of around eight hundred and ninety dollars ($890).

### Plaintiff YUAN GAN LING

384.    From on or about June 15, 2016 to October 16, 2016 and from on or about November 6, 2016 to July 7, 2017, Plaintiff YUAN GAN LING was employed by Defendants to work as a Pastry Maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

385.    From on or about June 15, 2016 to October 16, 2016 and from on or about November 6, 2016 to July 7, 2017, Plaintiff YUAN GAN LING's regular work schedule ran from 06:00 to 17:00 for eleven (11) hours a day for seven (7) days and seventy-seven (77) hours, for a total of seventy-seven (77) hours a week for a total of seventy-seven (77) hours each week.

386.    At all relevant times, Plaintiff YUAN GAN LING did not have a fixed time for lunch or for dinner.

387.    In fact, Plaintiff YUAN GAN LING had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, his break stopped and he had to continue working.

388.    From on or about June 15, 2016 to October 15, 2016, Plaintiff YUAN GAN LING was paid a flat compensation at a rate of eight dollars ($8.00) per hour.

389.    From on or about November 06, 2016 to July 31, 2017, Plaintiff YUAN GAN LING was paid a flat compensation at a rate of eleven dollars ($11.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

390.    At all relevant times, Plaintiff YUAN GAN LING was not paid overtime pay for overtime work.

391.    At all relevant times, Plaintiff YUAN GAN LING was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

392.    Throughout her employment, Plaintiff YUAN GAN LING was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

393.    Throughout her employment, Plaintiff YUAN GAN LING was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

394.    Throughout her employment, Plaintiff YUAN GAN LING was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

395.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff YUAN GAN LING wages promised to her in the amount of around three thousand five hundred dollars ($3,500).

### Plaintiff YAN HONG YU a/k/a Ruo Kun Yu

396.    From on or about October 01, 2015 to January 8, 2016 and from on or about April 1, 2017 to July 1, 2017, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was employed by Defendants to work as a Pastry Maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

397.    From on or about October 01, 2015 to January 8, 2016 and from on or about April 1, 2017 to July 1, 2017, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu's regular work schedule ran from 06:00 to 18:00 for twelve (12) hours a day for six and a half (6.5) days and seventy-eight (78) hours, for a total of seventy-eight (78) hours a week for a total of seventy-

eight (78) hours each week.

398.   At all relevant times, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu did not have a fixed time for lunch or for dinner.

399.   In fact, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to start working.

400.   From on or about October 01, 2015 to November 20, 2015, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was paid a flat compensation at a rate of one hundred dollars ($100.00) per day.

401.   From on or about November 21, 2015 to January 08, 2016, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was paid a flat compensation at a rate of thirteen dollars ($13.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

402.   From on or about November 21, 2015 to January 08, 2016, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was paid a flat compensation at a rate of thirteen dollars ($13.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

403.   From on or about April 01, 2017 to July 31, 2017, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was paid a flat compensation at a rate of one hundred thirty-five dollars ($135.00) per day.

404.   At all relevant times, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was not paid overtime pay for overtime work.

405.   At all relevant times, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was never

informed of her hourly pay rate or any tip deductions toward the minimum wage.

406.    Throughout her employment, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

407.    Throughout her employment, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

408.    Throughout her employment, Plaintiff YAN HONG YU a/k/a Ruo Kun Yu was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

409.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe YAN HONG YU a/k/a Ruo Kun Yu wages promised to her in the amount of around two thousand dollars ($2000).

### Plaintiff HONG JUAN WANG

410.    From on or about June 20, 2017 to July 10, 2017, Plaintiff HONG JUAN WANG was employed by Defendants to work as a Pastry Maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

411.    From on or about June 20, 2017 to July 10, 2017, Plaintiff HONG JUAN WANG's regular work schedule ran from 15:00 to 23:30 for eight (8) hours and thirty (30) minutes a day for six (6) days and fifty-one (51) hours, for a total of fifty-one (51) hours a week for a total of fifty-one (51) hours each week.

412.    At all relevant times, Plaintiff HONG JUAN WANG did not have a fixed time

for lunch or for dinner.

413.    In fact, Plaintiff HONG JUAN WANG had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

414.    From on or about June 20, 2017 to July 10, 2017, Plaintiff HONG JUAN WANG was paid a flat compensation at a rate of eight dollars ($8.00) per hour.

415.    At all relevant times, Plaintiff HONG JUAN WANG was not paid overtime pay for overtime work.

416.    At all relevant times, Plaintiff HONG JUAN WANG was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

417.    Throughout her employment, Plaintiff HONG JUAN WANG was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

418.    Throughout her employment, Plaintiff HONG JUAN WANG was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

419.    Throughout her employment, Plaintiff HONG JUAN WANG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

420.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff HONG JUAN WANG wages

promised to her in the amount of around one thousand and twenty dollars ($1020).

### *Plaintiff FEI GE SHANG a/k/a Julie Shang*

421.    From on or about May 05, 2015 to July 1, 2017, Plaintiff FEI GE SHANG a/k/a Julie Shang was employed by Defendants to work as a pastry maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

422.    From on or about May 05, 2015 to July 1, 2017, Plaintiff FEI GE SHANG a/k/a Julie Shang's regular work schedule ran from 06:00 to 17:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours, for a total of sixty-six (66) hours a week for a total of sixty-six (66) hours each week.

423.    At all relevant times, Plaintiff FEI GE SHANG a/k/a Julie Shang did not have a fixed time for lunch or for dinner.

424.    In fact, Plaintiff FEI GE SHANG a/k/a Julie Shang had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and he had to deliver.

425.    From on or about May 05, 2015 to December 31, 2015, Plaintiff FEI GE SHANG a/k/a Julie Shang was paid a flat compensation at a rate of nine dollars ($8.75) per hour.

426.    From on or about January 01, 2016 to December 31, 2016, Plaintiff FEI GE SHANG a/k/a Julie Shang was paid a flat compensation at a rate of nine dollars ($9.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

427.    From on or about January 01, 2017 to July 31, 2017, Plaintiff FEI GE SHANG a/k/a Julie Shang was paid a flat compensation at a rate of ten dollars ($10.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

428.    At all relevant times, Plaintiff FEI GE SHANG a/k/a Julie Shang was not paid overtime pay for overtime work.

429.    At all relevant times, Plaintiff FEI GE SHANG a/k/a Julie Shang was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

430.    Throughout her employment, Plaintiff FEI GE SHANG a/k/a Julie Shang was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

431.    Throughout her employment, Plaintiff FEI GE SHANG a/k/a Julie Shang was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

432.    Throughout her employment, Plaintiff FEI GE SHANG a/k/a Julie Shang was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

433.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff FEI GE SHANG a/k/a Julie Shang wages promised to her in the amount of around two thousand seven hundred dollars ($2,700).

### *Plaintiff XIAOMING CHEN a/k/a Steven Chen*

434.    From on or about January 29, 2015 to July 1, 2017, Plaintiff XIAOMING CHEN a/k/a Steven Chen was employed by Defendants to work as a Chef at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

435.    From on or about January 29, 2015 to April 30, 2015, Plaintiff XIAOMING CHEN a/k/a Steven Chen's regular work schedule ran from 13:00 to 23:00 for ten (10) hours a

day for six (6) days and sixty (60) hours; forty (40) minutes of break a day for six (6) days and four (4) hours, for a total of fifty-six (56) hours a week for a total of fifty-six (56) hours each week.

436.   From on or about May 01, 2015 to May 01, 2016, Plaintiff XIAOMING CHEN a/k/a Steven Chen's regular work schedule ran from 13:00 to 23:00 for ten (10) hours a day for seven (7) days and seventy (70) hours; forty (40) minutes of break a day for seven (7) days and four (4) hours and twenty (20) minutes, for a total of sixty-five (65) hours and twenty (20) minutes a week for a total of sixty-five and a third of an hour (65.33) each week.

437.   From on or about October 01, 2016 to July 01, 2017, Plaintiff XIAOMING CHEN a/k/a Steven Chen's regular work schedule ran from 06:00 to 16:00 for ten (10) hours a day for six (6) days and sixty (60) hours; forty (40) minutes of break for meals a day for six (6) days and four (4) hours, for a total of fifty-six (56) hours for a total of 56 hours each week.

438.   At all relevant times, Plaintiff XIAOMING CHEN a/k/a Steven Chen did not have a fixed time for lunch or for dinner.

439.   In fact, Plaintiff XIAOMING CHEN a/k/a Steven Chen had two (2) twenty-minute (20min) break to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to continue working.

440.   From on or about January 29, 2015 to July 31, 2017, Plaintiff XIAOMING CHEN a/k/a Steven Chen was paid a flat compensation at a rate of ten dollars ($10.00) per hour.

441.   At all relevant times, Plaintiff XIAOMING CHEN a/k/a Steven Chen was not paid overtime pay for overtime work.

442.   At all relevant times, Plaintiff XIAOMING CHEN a/k/a Steven Chen was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

443.     Throughout his employment, Plaintiff XIAOMING CHEN a/k/a Steven Chen was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

444.     Throughout his employment, Plaintiff XIAOMING CHEN a/k/a Steven Chen was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

445.     Throughout his employment, Plaintiff XIAOMING CHEN a/k/a Steven Chen was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

446.     In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff XIAOMING CHEN a/k/a Steven Chen  wages promised to her in the amount of around one thousand four hundred dollars ($1400).

### *Plaintiff YUAN GUAN ZOU*

447.     From on or about April 01, 2016 to April 15, 2016, Plaintiff YUAN GUAN ZOU was employed by Defendants to work as a dishwasher and again from May 01, 2017 to July 01, 2017 as miscellaneous at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

448.     From on or about April 01, 2016 to April 15, 2016, Plaintiff YUAN GUAN ZOU's regular work schedule ran from 08:00 to 13:00 and 13:30 to 18:00 for nine (9) hours and thirty (30) minutes a day for six (6) days and fifty-seven (57) hours, for a total of fifty-seven (57) hours a week for a total of fifty-seven (57) hours each week.

449.     From on or about May 01, 2017 to July 01, 2017, Plaintiff YUAN GUAN ZOU's

regular work schedule ran from 08:00 to 13:00 and 13:30 to 18:00 for nine (9) hours and thirty (30) minutes a day for seven (7) days and sixty-six (66) hours and thirty (30) minutes, for a total of sixty-six (66) hours and thirty (30) minutes a week for a total of 66.5 hours each week.

450.    At all relevant times, Plaintiff YUAN GUAN ZOU did not have a fixed time for lunch or for dinner.

451.    In fact, Plaintiff YUAN GUAN ZOU had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working\.

452.    At all relevant times, Plaintiff YUAN GUAN ZOU was paid a flat compensation at a rate of sixty-eight dollars ($68.00) per week.

453.    At all relevant times, Plaintiff YUAN GUAN ZOU was not paid overtime pay for overtime work.

454.    At all relevant times, Plaintiff YUAN GUAN ZOU was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

455.    Throughout his employment, Plaintiff YUAN GUAN ZOU was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

456.    Throughout his employment, Plaintiff YUAN GUAN ZOU was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

457.    Throughout his employment, Plaintiff YUAN GUAN ZOU was not

compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

458.     In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff YUANG GUAN ZOU wages promised to her in the amount of around six hundred and forty-six dollars ($646).

### *Plaintiff JIAN HUA CHEN*

459.     From on or about July 01, 2016 to June 30, 2017, Plaintiff JIAN HUA CHEN was employed by Defendants to work as a miscellaneous at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

460.     From on or about July 01, 2016 to June 30, 2017, Plaintiff JIAN HUA CHEN's regular work schedule ran from 05:00 to 16:00 for eleven (11) hours a day for six (6) days and sixty-six (66) hours a week, for a total of sixty-six (66) hours a week for a total of sixty-six (66) hours each week.

461.     At all relevant times, Plaintiff JIAN HUA CHEN did not have a fixed time for lunch or for dinner.

462.     In fact, Plaintiff JIAN HUA CHEN had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

463.     From on or about July 01, 2016 to June 30, 2017, Plaintiff JIAN HUA CHEN was paid a flat compensation at a rate of two thousand dollars ($2,000) per month.

464.     At all relevant times, Plaintiff JIAN HUA CHEN was not paid overtime pay for overtime work.

465.     At all relevant times, Plaintiff JIAN HUA CHEN was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

466.    Throughout his employment, Plaintiff JIAN HUA CHEN was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

467.    Throughout his employment, Plaintiff JIAN HUA CHEN was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

468.    Throughout his employment, Plaintiff JIAN HUA CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

469.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff JIAN HUA CHEN wages promised to her in the amount of around two thousand and seven hundred dollars ($2,700).

### _Plaintiff SU XIAN DENG_

470.    From on or about September 18, 2016 to June 30, 2017, Plaintiff SU XIAN DENG was employed by Defendants to work as a Pastry Maker at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

471.    From on or about September 18, 2016 to June 30, 2017, Plaintiff SU XIAN DENG's regular work schedule ran from 05:00 to 12:00 and then again from 12:30 to 16:00 for ten (10) hours and thirty (30) minutes a day on Mondays, Tuesdays, Thursdays, Saturdays, and Sundays for five (5) days and fifty-two (52) hours and thirty (30) minutes; 05:00 to 12:00 for seven (7) hours a day on Wednesdays and Fridays for two (2) days and fourteen (14) hours, for a total of sixty-six (66) hours and thirty (30) minutes a week.

472.    At all relevant times, Plaintiff SU XIAN DENG did not have a fixed time for lunch or for dinner.

473.    In fact, Plaintiff SU XIAN DENG had thirty (30) minutes to eat and even then she was on call, meaning that if customer's order came, her break stopped and she had to continue working.

474.    From on or about September 18, 2016 to December 17, 2016, Plaintiff SU XIAN DENG was paid a flat compensation at a rate of two thousand dollars ($2,000) per month.

475.    From on or about December 18, 2016 to March 31, 2016, Plaintiff SU XIAN DENG was paid a flat compensation at a rate of two thousand one hundred dollars ($2,100) per month.

476.    From on or about April 01, 2017 to June 30, 2017, Plaintiff SU XIAN DENG was paid a flat compensation at a rate of two thousand two hundred dollars ($2,200) per month.

477.    At all relevant times, Plaintiff SU XIAN DENG was not paid overtime pay for overtime work.

478.    At all relevant times, Plaintiff SU XIAN DENG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

479.    Throughout his employment, Plaintiff SU XIAN DENG was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

480.    Throughout his employment, Plaintiff SU XIAN DENG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in

each workweek.

481.    Throughout his employment, Plaintiff SU XIAN DENG was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

482.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff SU XIAN DENG wages promised to her in the amount of around two thousand and three hundred dollars ($2,300).

### Plaintiff HUI ZHEN CHEN

483.    From on or about September 13, 2015 to July 06, 2017, Plaintiff HUI ZHEN CHEN was employed by Defendants to work as a Packer at 135-42 Roosevelt Avenue, Flushing, NY, 11354.

484.    From on or about September 13, 2015 to July 06, 2017, Plaintiff HUI ZHEN CHEN's regular work schedule ran from 12:00 to 00:00 of the next day for twelve (12) hours a day for six (6) days and seventy-two (72) hours; thirty (30) minutes of break for six (6) days and three (3) hours, for a total of sixty-nine (69) hours a week for a total of sixty-nine (69) hours each week.

485.    At all relevant times, Plaintiff HUI ZHEN CHEN had one (1) thirty-minute (30-min) break.

486.    From on or about September 13, 2015 to November 06, 2016, Plaintiff HUI ZHEN CHEN was paid a flat compensation at a rate of eight dollars ($8.00) per hour.

487.    From on or about November 07, 2016 to July 06, 2017, Plaintiff HUI ZHEN CHEN was paid a flat compensation at a rate of ten dollars ($10.00) per hour for each hour worked, including for hours I worked in excess of forty (40) hours in a workweek.

488.    At all relevant times, Plaintiff HUI ZHEN CHEN was not paid overtime pay for

overtime work.

489.    At all relevant times, Plaintiff HUI ZHEN CHEN was never informed of her hourly pay rate or any tip deductions toward the minimum wage.

490.    Throughout her employment, Plaintiff HUI ZHEN CHEN was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Chinese, Plaintiff's native language.

491.    Throughout her employment, Plaintiff HUI ZHEN CHEN was not compensated at least at one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

492.    Throughout her employment, Plaintiff HUI ZHEN CHEN was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at her promised rate.

493.    In addition to the failure to pay lawful minimum wage, overtime compensation, and other statutory compensation, Defendants owe Plaintiff HUI ZHEN CHEN wages promised to her in the amount of around six thousand four hundred dollars ($6,400).

## COLLECTIVE ACTION ALLEGATIONS

494.    Plaintiffs  bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all

hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

495.    Plaintiffs  bring  their  NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

496.    All said persons, including Plaintiffs, are referred to herein as the "Class."

497.    The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

### *Numerosity*

498.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

499.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant employed Plaintiffs  and the Class within the meaning of

the New York law;

b.      Whether Plaintiffs  and Class members are promised and not paid at their promised hourly wage;

c.      Whether Plaintiffs  and Class members are not paid at least the hourly minimum wage for each hour worked;

d.      Whether Plaintiffs  and Class members are entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

e.      Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs  and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs  and the Rule 23 Class's start of employment and/or timely thereafter;

h.      Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs  and the Rule 23 class on each payday; and

i.      At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

500.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or

overtime compensation. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefitted from the same type of unfair and/or wrongful

acts as to each Class member. Plaintiffs  and other Class members sustained similar losses,

injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

501.     Plaintiffs  are  able to fairly and adequately protect the interests of the Class

and have no interests antagonistic to the Class. Plaintiffs  are  represented by attorneys who

are experienced and competent in representing Plaintiffs in both class action and wage-and-

hour employment litigation cases.

### *Superiority*

502.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy, particularly in the context of wage-and-hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously,

efficiently and without the unnecessary duplication of efforts and expenses that numerous

individual actions engender. Because the losses, injuries and damages suffered by each of the

individual Class members are small in the sense pertinent to a class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible

for the individual Class members to redress the wrongs done to them. Further, important

public interests will be served by addressing the matter as a class action. The adjudication of

individual litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these

costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

503.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wage/ Unpaid Wages**
**Brought on behalf of the Plaintiffs  and the FLSA Collective]**

504.    Plaintiffs  re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

505.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs  in full, and the similarly situated collective action members, for some or all of the hours they worked.

506.    The FLSA provides that any employer who violates the provisions of 29 U.S.C.

§ 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

507.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs  and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages Brought on behalf of Plaintiff and Rule 23 Class]

508.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

509.    At all relevant times, Plaintiffs  are  employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

510.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

511.    Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

512.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

513.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as

though fully set forth herein.

514.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

515.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

516.     Defendants' failure to pay Plaintiffs  and the FLSA Collective their overtime pay violated the FLSA.

517.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs  and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

518.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

519.     Defendants willfully failed to notify Plaintiffs  and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

520.     Defendants knowingly and willfully disregarded the provisions of the FLSA as

evidenced by their failure to compensate Plaintiffs  and Collective Class Members the

statutory overtime rate of time and one half for all hours worked in excess of forty (40) per

week when they knew or should have known such was due and that failing to do so would

financially injure Plaintiffs  and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

521.   Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as

though fully set forth herein.

522.   An employer who fails to pay the minimum wage shall be liable, in addition to

the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%)

before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft

Prevention Act, and interest.

523.   At all relevant times, Defendants had a policy and practice of refusing to pay

the overtime compensation to Plaintiffs  at one and one-half times the hourly rate the

Plaintiffs  and the class are entitled to.

524.   Defendant' failure to pay Plaintiffs  their  overtime pay violated the NYLL.

525.   Defendants' failure to pay Plaintiffs  was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

526.   Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as

though fully set forth herein.

527.   The NYLL requires employers to pay an extra hour's pay for every day that an

employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§

650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

528.    Defendants' failure to pay Plaintiffs  spread-of-hours pay was not in good faith.

### COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Meal Periods
Brought on behalf of Plaintiff and the Rule 23 Class]**

529.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as though fully set forth herein.

530.    The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

531.    Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

532.    Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

533.    Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

### COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

534.    Plaintiffs  re-allege and incorporate  by reference all preceding paragraphs as

though fully set forth herein.

535.    Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

536.    As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

537.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

538.    Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

539.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

540.    The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

541.    Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the

employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

542.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

543.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

544.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

545.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

546.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

547.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due to Plaintiffs and the Collective Action members plus compensatory

and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.


Dated: Flushing, New York

December 31, 2019

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*

/s/ John Troy
John Troy (JT0481)