# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

May 25, 2020

<u>Via ECF</u>
Hon. Edward R. Korman, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Voluntary Dismissal**
               *Tang et al v. Happy Restaurant Inc. et al*, No. 19-cv-07304 (ERK) (JO), (E.D.N.Y.)

Your Honor,

      This office represents the Plaintiffs in the above-referenced matter. We write respectfully to ask the Court to Order the Clerk to dismiss this matter pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

      <u>Background</u>

      Plaintiffs commenced this action on December 31, 2019. *See* Dkt. No. 1. By January 27, 2020, Defendants had neither Answered nor otherwise moved with respect to the Complaint. *See* Dkt. No. 41. Accordingly, Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). *See id.*

      Rather than directing the Clerk to enter the dismissal of this case, however, Magistrate Judge Orenstein directed Plaintiffs to justify why their decision to voluntarily dismiss this case was fair, invoking *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* Elec. Orders (Jan. 28, 2020) (Jan. 31, 2020). Plaintiffs filed two letters explaining that the case was in a very early stage, that there had been no agreement between Plaintiffs and Defendants, thus there was nothing for the Court to review. *See* Dkt. No. 42. Magistrate Judge Orenstein's position was that practically, Plaintiffs would be better served by a motion for default judgment. However, that Plaintiffs had been unable to locate (and thus serve) the Defendants, depriving the Court of personal jurisdiction over the Defendants and thus of its ability to enter a default judgment. *See* Dkt. No. 43. Nevertheless, the Court has not dismissed this matter, contrary to the wishes of Plaintiffs.

      <u>Magistrate Judge Orenstein Overstepped His Authority</u>

      "Plaintiffs invoking Rule 41(a)(1)(A)(i), specifically, have an 'unfettered right voluntarily and unilaterally to dismiss an action'" before the filing of an Answer or motion for summary judgment. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) (quoting *Thorp v. Scarne*, 599 F.2d 1169, 1175 (2d Cir. 1979)). By its terms, Rule 41(a)(1)(A) is limited only by "Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute." Fed. R. Civ. P.

Hon. Edward R. Korman, U.S.D.J.
May 25, 2020
*Tang et al v. Happy Restaurant Inc. et al*, No. 19-cv-07304 (ERK) (JO), (E.D.N.Y.)
Page 2 of 3

41(a)(1)(A). Additionally, the Second Circuit has instructed the District Courts that a Plaintiff may only invoke Rule 41(a)(1)(A)(i), at an "'early stage of the proceedings,'" before the merits of the controversy have been raised to the Court. *ISC Holding AG* 688 F.3d at 111 (quoting *Thorp*, 599 F.2d at 1175); *see also Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) (vacating voluntary dismissal only following an evidentiary hearing lasting several days and generating a record of over 400 pages, and leading to a finding that plaintiffs' chances of success were remote).

Neither the limitations of Rule 41 itself nor the limitation imposed by the Second Circuit give the Court any grounds not to dismiss this action. Rule 23(e) applies only to "a certified class—or a class proposed to be certified for purposes of settlement." Fed. R. Civ. P. 23(e). This action was pleaded as a class action, and to be sure, there are many named Plaintiffs each alleging claims that are similar to each other and alleged to be typical of a broader group. However, the Court has not evaluated any proposed class according to the requirements of Rule 23(a) or (b), and has not certified a class. Accordingly, Rule 23(e) is not applicable. Rule 23.1 governs derivative actions by "shareholders or members of a corporation or unincorporated association;" similarly, Rule 23.2 governs actions "brought by or against the members of an unincorporated association as a class by naming certain members as representative parties." Fed. R. Civ. P. 23.1, 23.2. Plaintiffs are employees suing 3 corporations and 6 individuals alleged to be their employers. Plaintiffs are not shareholders of the corporations. There is no unincorporated association named in this lawsuit. Accordingly, neither Rule 23.1 nor Rule 23.2 is applicable. Rule 66 governs actions "in which the appointment of a receiver is sought or a receiver sues or is sued." That is not the case here, and accordingly, Rule 66 is not applicable.

The Second Circuit has noted its "skepticism that *Harvey Aluminum* is still good law," and has expressed that in any event it should be "confined to the exceedingly narrow compass allowed by [Second Circuit] precedent." *ISC Holding AG*, 688 F.3d 98, 116 (citing *Johnson Chem. Co. v. Home Care Prods., UInc.*, 823 F.2d 28, 30 (2d Cir. 1987), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ("*Harvey* has received a 'cool reception,'… [and] stands as the only decision in which we have rejected a strict construction of Rule 41(a)(1)[(A)](i).… We repeat our admonition, foreshadowed twenty-nine years ago in *Littman v. Bache & Co.*, 252 F.2d 479, 481 (2d Cir. 1958), that *Harvey* must be limited to its 'extreme' facts.")). The facts here nowhere near approach the "extreme" situation in *Harvey*, where the District Court conducted a full-blown evidentiary hearing and made findings of fact. Here, the only record before the Court at this point in this case is the Complaint itself.

The Fair Labor Standards Act is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A). Fed. R. Civ. P. 41(a)(1)(A); *see also Cheeks*, 796 F.3d at 206. However, under *Cheeks*, only "Rule 41(a)(1)(A)(ii) stipulated dismissals with prejudice require the approval of the district court of the DOL to take effect." *Cheeks*, 796 F.3d at 206. Rule 41(a)(1)(A)(i) dismissals are unilateral, and are free of the "potential for abuse" by adverse parties that behooved the Second Circuit to subject settlement agreements to fairness review. *Id.* (nonexhaustively listing as abusive terms: "highly restrictive confidentiality provisions," "an overbroad release," and a too-great allocation of the settlement to attorney fees.). A settlement subject to *Cheeks* review is with prejudice—but "unless the notice… states otherwise," a Rule 41(a)(1)(A)(i) "dismissal is without

Hon. Edward R. Korman, U.S.D.J.
May 25, 2020
*Tang et al v. Happy Restaurant Inc. et al*, No. 19-cv-07304 (ERK) (JO), (E.D.N.Y.)
Page 3 of 3

prejudice." Fed. R. Civ. P. 41(a)(1)(B). Because Rule 41(a)(1)(A)(i) dismissals are so different from the settlement agreements governed by *Cheeks*, they are not subject to *Cheeks* fairness review. Other than this case, in the five years since *Cheeks* was decided your undersigned has never seen a Rule 41(a)(1)(A)(i) voluntary dismissal subjected to *Cheeks* review, and a Lexis-Nexis search reveals no cases where a Rule 41(a)(1)(A)(i) voluntary dismissal was subjected to *Cheeks* review.

  Accordingly, there was no basis whatsoever, either per the terms of Rule 41 itself or per Second Circuit precedent, either *Harvey Aluminum* or *Cheeks*, for Magistrate Judge Orenstein to require a statement of fairness before dismissing this case. The Court should dismiss this case.

  We thank the Court for its attention to and consideration of this matter.

            Respectfully submitted,
            TROY LAW, PLLC

             */s/ John Troy*
            John Troy
            *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record